IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLENDA THOMPSON,                              *
          Plaintiff,
    v.                                        *   CIVIL ACTION NO. RWT-16-669

STUART J. GORDON, M.D.P.A.,                   *
          Defendant.
                              *****

## **MEMORANDUM OPINION**

On March 7, 2016, Plaintiff Glenda Thompson, a resident of Silver Spring, Maryland, filed the above-captioned self-represented action against Dr. Stuart Gordon, a Maryland physician,[1] invoking this Court's federal question jurisdiction. ECF No. 1. The Complaint is accompanied by a Motion to Proceed in Forma Pauperis. ECF No. 2. Because she appears indigent, the Motion to Proceed in Forma Pauperis shall be granted. Because the Court lacks subject matter jurisdiction over the Complaint, however, the Complaint shall be dismissed and the case closed.

Plaintiff alleges that Dr. Gordon evaluated Plaintiff at the behest of "Workmen's Compensation" and concluded that she did not need surgery for her work-related injury. ECF No. 1, at 1; ECF No. 1-2, at 6. Plaintiff further alleges that her insurer indicated that she "needed to have surgery" and an MRI and x-rays indicated that her right ankle injury would not "get any better without the surgery, [but that] even after the surgery [it was not] guaranteed" that she would recover. ECF No. 1, at 2. She seeks unspecified damages and injunctive relief. ECF No. 1 at, 3.

---

[1] The Complaint lists a Rockville address for Dr. Gordon, but the exhibits indicate that Dr. Gordon's main office is in Pikesville, Maryland. ECF No. 1, at 1; ECF No. 1-2, at 4.

A court may consider subject matter jurisdiction *sua sponte* as part of its initial review of the Complaint. *See Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2014). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the [P]laintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court has carefully reviewed Plaintiff's Complaint and finds that a federal claim is not readily apparent. In her civil cover sheet, Plaintiff checked off the "False Claims Act" box. ECF No. 1-1, at 1. However, Plaintiff has not alleged that Dr. Gordon knowingly submitted to the government a false assessment or claim for reimbursement, as would be necessary for a claim under the False Claims Act, 31 U.S.C. §§ 3729–3733 (2014). At best, her cause of action alleges nothing more than tortious conduct (misdiagnosis or malpractice) on the part of Dr. Gordon. Thus, she has failed to set out a colorable claim under 28 U.S.C. § 1331.

Since the Court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over Plaintiff's tort claim is diversity of citizenship. Diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2014). When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete, meaning the Plaintiff and Defendant are from different states. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Both Plaintiff and Defendant reside in Maryland. Therefore, the Complaint does not satisfy diversity of citizenship requirements and shall be dismissed for lack of subject matter jurisdiction. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: March 10, 2016                             /s/
                                   ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE